UNITED STATE DISTRICT COURT DISTRICT OF RHODE ISLAND.

MICHAEL B. FAHNBULLEH
A - 90461344 96 Pro Se

CA 06 194 S

V

BRUCE CHADBOURNE INTERIM FIELD OFFICE DIRECTOR BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT; WAYNE SALISBURY, WARDEN OF DONALD W. WYATT DETENTION FACILITY

CIV NO ________

PETITION FOR A WRIT OF HABEAS CORPUS

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Petitioner, Micheal B. Fahnbulleh Hereby Petitions this court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for Injunctive relief Petitioner alleges as Follows;

PARTIES

1 Petitioner Michael Fahnbulleh, Was a lawful Permanent resident of

the United States, and a native and citizen of Liberia, Mr. Fahnbulleh Was ordered deported on April 11, 2005 and was take into Immigration custody on october 20, 2004. He has been detained by the bureau of Immigration and Custom Enforcement (ICE)[24] for over 6 months.

2. Respondent bruce chadbourne is the Interim field office Director for Detention and Removal.

3. Respondent Alberto GONZALES is the Attorney General of the U.S. administration of Ice and the implementation and enforcement of the Immigration law. AS Such He is the ultimate legal custodian of the Petitioner.

4. Respondent Department of Homeland Security is the agency charged with implementing and enforeing the Immigration laws.

5. Respondent A.T WALL is the Diretor, Rhode Island Department of Corrections. Because ICE contracts with State prisons Such as Donald W. Wyatt Detention facility in Central Falls, Rhode Island, 02863 to house Immigration detainees Such as Petitioner, He has immediate custody of the Petitioner.

## Custody

6. Petitioner is detained at the Donald W. Wyatt Dentention Facility to house Immigration detainess such as Mr, Fahnbulleh Petitioner is under the direct Control of Respondents and their agents;

## JURISDICTION

7. This action arises under the constitotion of the united states, the Immigration and Nationality Act ("INA"). 8 U.S.C § 1101 et seq., as amended by the Illegal Immigration Reform and Immigration Responsibility Act of 1996 ("IIRIRA") Pub. L No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA") 5 U.S.C § 701 et seq. This Court has jurisdiction under 28 U.S.C § 2241, art, 1 § 9, cl. 2 or the united states constitotion ("suspension clause") and 28 U.S.C. § 1331, as the petitioner is presently in custody is in violation of the united state see Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491 (2001)

## Venue

8. Venue lies in the District of Rhode Island because Michael Fahnbulleh is currently detained at Donald W. Wyatt Dentention facility 950. high st central fall, R.I 02863.

Venue in the District of Rhode Island is in the Custody of Respondent Bruce Chadbourne, Interin Field office Director of this District Which encompasses Rhode Island 28 U.S.C. § 1391

Removal - Period detention to a Period Reasonably Necessary to bring about the alien's Removel from the United States I.d. 121 S. ct. AT 2498 A" Habeas Court must Frist ask whether the Detention in question excesrs A Period Reasonably Necessary to Secuse Remollal At 2504. If the individual's Remollal is not Reasonably foreseeable,' the Court Should hold countined detention Unreasonable and no longer Authorized by Statute." Id 22. In detenming the length of A Reasonable Removal Period the Court adopted A "presumptizely Reasonable period of detention" Six months Id. At 2504 After six months the government bears the burden of disproving An Aliens "good Reason to belive that there is No Signifrcant like lihood of remollal in the Reasonably Future," See Zhov V Farguharson, 2001 US. Dist Lexis 18239 2-3 (D mass, Oct 19, 2001 (quoting and summarizing Zadugdas) Remollel for detention to Remain Reasonable, as the Period of puss-removal Confinement grows what courts As the Reasonably foreseeable future converSely

would halfe to shrinke" Zadvydas 121 S. Ct. At 2505 ICE's adminstrative Regulations also recogniss that the (HAPDU) has a six month period for determining whether there is a Significant likelihood of An Aliens Removal in the Reasonably foreseeable Furture. See 8 C.F.R § 241.4 (k)(2)(iii) 23 Evidence showing successful repatriation of other person to the Country At issue is not sufficient to meet the governments burden to Establish that an Alien petitioner will be.

## EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his adminstrative remedies to the extent required by Law, and his only remedy is by way of this judrcial action. After the Supreme Court decision in Zadvydas the Department of justice issued regulations governing the custody of aliens ordered removal See 8 C.F.R § 241.4 Petitioner was ordered deported on october 18, 2005 and taken into ICE custody on october 20, 2004 At his "90 Day" custody review on Jan 17, 2006 ICE decided to continue his detention. see ex. 1. In a decision dated Jan 26-2006 ICE Headquarters Post detention unit ("HQPDU") informed

Petitioner that it would contince to keep his In custody. see EX.2 the custody rellew regulations do not provide for appea from a HPQDU custody rellew decision See 8 C.F.R § 241.4 (d).

10. No statutory exhaustion requirements apply to petitioner claim of unlawful detetion.

## Statement OF facts

1) Petitioner, Michael Fahnbulleh was born In Liberia on August 4.1981 on August 2, 1997, Petitioner Entered USA as a legal Permanent resident at the age of 16. I came to this country with the intent on Making a better Life, I did get myself into A Problem that I wish I could take back but I can't Charge the past, I have been In jail and Now Detain by INS and From these times i hafe done programs to better my self, I am a Very Charge Man and deserve A Second chance In Life. like the Rest of People in this world i Ask for nothing more but to get back to my Family

Thank you!

## 90 DAY Six month custody Reviews

14. INS First reviewed MICHAEL FAHNBULLEH detention Status on or about Jan 17, 2006 after the 90-day removal Period pursuart to Post-order Custody Review Procedures at 8. C.F.R § 241.4 denied michael Fahnbullah request for release stating that he was still (In the 4 letter's that I received from Ice it did not state why denying my release) Exbibit.

15. As a result of continued detention Michael Fahnbullah Case was transfered to (HQPDU) In April 17, 2006.
Six months Later: Ice's Inability to Show that Petitioner Deportation is "Reasonably forcseeable" Despite his full Cooperation

16. In the three months that have passed since Petitioner last Custody review ICE has not notified michael Fahnbulleh of any Progress in his repatation.

17. To Petitioner knowledge the government of Liberia has not issued travel documents for him. Indeed neither Ice no the Liberia have provided any indication that Liberia would accept petitioner in the reasonably forcseeable future.

18. ICE has never asserted that Petitioner has failed to cooperate in his deportation. To the contrary, Petitioner on his own initiative, and through the help of friends and family, has tried to expedite his repatriation to LIBERIA and release from custody.

ICE has offered no evidence to suggest that repatriation in Petitioner's individual case is reasonably foreseeable now

## DEMONSTRATE

19. Immigration must demonstrate to this court that travel document are in hand, provide any evidence or even assurances from the Cape Verde that travel documents will be issued in a matter of days or weeks or even months. see, e.g., OKILAGWE V INS, NO. 3-01-CV-1416-BD, 2002 WL 356758, 2-3 (N.D. TEX. MAR. 1, 2002) (Alien detained for eleven months after INS represented that it would have travel documents in a few days; court found that if INS did not have documents in hand, it failed to sustain it's burden of showing that alien's removal would occur in the reasonably foreseeable future); LEWIS V. INS, Case NO. 00CV0758 (SJ), 2002 WL 1150158 (E.D.N.Y. MAY 7, 2002) (If INS could not remove alien who had been detained for 23 months within 30 days, alien would be released.)

# LEGAL FRAME WORK FOR RELIEF SOUGHT

20. In Zadvydas, the Supreme Court held that 8 U.S.C § 1231 (a)(6), when "read in light of Constitution's demands, limited an alien's post-removal-period detention to a period reasonabl[y] necessary to bring about the alien's removal from the United States". Id., 121 S. Ct at 2498. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 2504. If the individual's removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute." Id.

21. In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of deten[tion]" of six months. Id at 2504. Af[ter] ... the government bears the burden ... an alien's "good reason to be[lieve] ... is no significant like[lihood] ... reasonabl[y] ...

Fo[r] ...

regula[tions] ...

has a six-month period fo[r] ...

there is a significant likehood of an alien's removal in the reasonably foreseeable future. See 8 C.F.R. § 241.4 (k) (2)(ii).

22. Evidence showing successful repatriation of other person to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable future. See Thompson V INS, 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16, 2002) (government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and petitioner had requested); Kacanic V. Elwood, 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Penn. November 8, 2002) (government's reliance on data concerning removals of other aliens to Yugoslavia did not satisfy Zadvydas because government failed to give information about the number of aliens that were denied travel papers and did not provide individualized information about the removed aliens that would allow "a meaningful comparison" of the removed aliens to the petitioner); Ablahad v. Ashcroft, 2002 U.S. Dist LEXIS 17405 at *4 (N.D. Ill September 6, 2002) (evidence that aliens have been deported to petitioner's country is not sufficient to carry the government's burden under Zadvydas). Rather, for the government

to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case.

Compare Thompson, Kacanic, and Ablahad with Khan v. Fasano, 194 F. Supp. 2d 1134 (S.D. Cal. 2001) (eight month detention following final order was not unreasonable where INS requested travel documents for petitioner, Pakistani Consulate indicated that petitioner's travel document application had been forwarde to the appropriate ministry, INS had successfully repatriated 476 Pakistani during 2001, suggesting that there were no "institutional barriers" to successful repatriation, and a meeting was scheduled with Pakistani government to discuss petitioner's case).

23. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after fourteen months if ICE "is unable to present document confirmation that the Nigerian government has agreed to [petitioner's] repatriation"); Zhou, 2001 U.S. Dist. LEXIS 18239 (ordering that the writ of habeas corpus issue within 60 days,

given petitioner's 13-month detention and the INS's inability to assure the court that the paperwork from china was on it's way); Abdu v. Ashcroft, 2002 U.S Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002) (government failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likehood of petitioner's removal in the reasonably foreseeable future); Kacanic 2001 U.S. Dist. LEXIS 21848 (where alien had been detained for one year, lack of a definitive answer was likely -- showed that removal was not reasonably foreseeable); Mohamed v. Ashcroft, 2002 U.S. Dist. LexIS 16179 at * 7 (W.D. Wash. April 15, 2002) (granting writ of habeas where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonably foreseeable future).

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

24. Petitioner re-alleges and incorporates by reference paragraphs 1 through 23 above.

25. Petitioner's continued detention by the Respondents violates INA § 241(a)(6), as interpreted in Zadvydas. Petitioners six month presumptively reasonable period for.

continued removal efforts passed 6 months ago. For the reasons outlined above in paragraphs 1 to 23, Petitioner's removal to LIBERIA is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable in unreasonable and in violation of INA § 241.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Petitioner's continued violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if MICHAEL B. FAHNBULLEH Barbosa cannot be deported. The Supreme Court in Zadvydas thus interpreted INA § 241 to allow continued detention for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest -- to effect the alien's removal.

## COUNT THREE

### PROCEDURAL DUE PROCESS VIOLATION

28. Petitioner re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. Under the Due Process Clause of the United states Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that Violates Zadvydas.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;
2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from Custody;
3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of ICE Boston District Director during the pendency of these proceedings and while Petitioner remains in Respondent's custody; and
4) Grant any other and further relief which this Court deems just and proper.

I affirm under Penalty of Perjury that the foregoing is true and corrent

Respectfully Submitted this day of 4/17/06

MICHAEL FAHNBULLEH

Pro Se
WYATT DETENTION CENTER
950 HIGH STREET
CENTRAL FALLS, R.I 02863